IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Chestnut, #13465-171, | ) | C/A No.: 1:16-1221-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| David Ebbert, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. Petitioner is a prisoner. Therefore, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On May 3, 2016, the court allowed Petitioner the opportunity to provide the documents necessary for initial review. [ECF No. 13]. Petitioner complied with the court's order, and this case is now in proper form.

PAYMENT OF THE FILING FEE:

Petitioner has requested to proceed without prepaying the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs, which is construed as a Motion for Leave to Proceed in forma pauperis. Based on a review of the motions, Petitioner's request to proceed in forma pauperis is granted. [ECF No. 2, 17].

MOTION TO APPOINT COUNSEL:

Petitioner requests that the court appoint counsel for him. [ECF No. 18]. Petitioner has no constitutional right to counsel in his federal habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel beyond first appeal of right); *U.S. v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995) (no constitutional right to counsel during federal habeas). The court may, in its discretion, however, appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2) (West Supp.1993); *see also Riley*, 21 F. App'x at 142. At this juncture, the court does not find that the interests of justice require the appointment of counsel. If the court elects to hold an evidentiary

hearing, Petitioner may renew his motion or the court may appoint counsel sua sponte at that time. For the foregoing reasons, Petitioner's motion to appoint counsel [ECF No. 18] is denied.

TO THE CLERK OF COURT:

The Clerk of Court shall mail a copy of this order to Petitioner. The Clerk shall not serve the § 2241 petition upon Respondent because the petition is subject to dismissal without prejudice

The Clerk of Court shall not enter any change of address submitted by Petitioner that directs that mail be sent to a person other than Petitioner unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

TO PETITIONER:

Petitioner must place the Civil Action Number (C/A No.: 1:16-1221-RBH-SVH) listed above on any document filed in this case. Any future filings in this case must be sent to United States District Court, 901 Richland Street, Columbia, South Carolina 29201. All documents requiring Petitioner's signature shall be signed with Petitioner's full legal name written in Petitioner's own handwriting.  Pro se litigants shall not use the "s/typed name" format used in the Electronic Case Filing System.  In all future filings with this court, Petitioner is directed to use letter-sized (eight and one-half inches by eleven inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Petitioner is a pro se litigant. Petitioner's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 23, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge