IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Chestnut, #13465-171, ) | C/A No.: 1:16-1221-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| David Ebbert, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Raymond Chestnut ("Petitioner"), proceeding pro se, is a federal inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He submitted this amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition without requiring the respondent to file an answer.

I.    Factual and Procedural Background

Petitioner filed this amended § 2241 petition seeking to challenge an alleged unlawful sentence. [ECF No. 11 at 8–9]. A review of Petitioner's criminal case reflects that Petitioner entered a guilty plea on October 5, 2006, to (count one) distribution and possession with intent to distribute 50 grams or more of cocaine base and (count four) using and carrying a firearm during and in relation to a drug trafficking crime. *See United*

*States v. Chestnut*, No.: 4:5-cr-1044-RBH-1, ECF No. 69 (D.S.C. May 18, 2007).[1] The court sentenced Petitioner to a term of imprisonment of 300 months. *Id.*, ECF No. 101. Petitioner filed an appeal challenging his sentence, which the Fourth Circuit Court of Appeals ("Fourth Circuit") denied on July 12, 2007. *Id.*, ECF Nos. 108, 114. The court entered an amended judgment on July 26, 2010, reducing Petitioner's sentence from 300 months to 180 months. *Id.*, ECF No. 176. Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, which the district court denied on February 27, 2012. *Id.*, ECF Nos. 183, 237. Petitioner states he filed a motion in the Fourth Circuit for permission to file a second § 2255 petition, which was denied on an unknown date. [ECF No. 1 at 4].[2]

II.     Discussion

   A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] According to pacer records, Petitioner has filed at least two motions in the Fourth Circuit this year requesting authorization to file a successive § 2255, which are still pending.

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327, 328–29 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As the Supreme Court has told us, "'actual innocence' means factual innocence, not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

4

In this case, Petitioner argues his sentence enhancement and career offender status are unlawful because these sentencing criteria were based on prior precedent law that has now been overruled. [ECF No. 12 at 8]. Petitioner, however, provides no factual allegations to plausibly suggest that the conduct for which he was convicted was decriminalized or that such conduct has been deemed non-criminal by any substantive law change since his first § 2255 motion. Accordingly, Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241, and this court lacks jurisdiction to consider the petition in this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the § 2241 amended petition be dismissed without prejudice for lack of jurisdiction.

IT IS SO RECOMMENDED.

May 23, 2016                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).